## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

REBECCA KAIN, individually and on
behalf of all others similarly situated,

        Plaintiff,

    v.

THE ECONOMIST NEWSPAPER NA,
INC.,

        Defendant.

Case No. 21-cv-11807
Hon. Matthew F. Leitman

---

## FINAL JUDGMENT AND
## ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, a class action is pending before the Court entitled *Kain v. The Economist Newspaper NA*, *Inc.*, No. 4:21-cv-11807; and

WHEREAS Plaintiff Rebecca Kain ("Plaintiff") and Defendant The Economist Newspaper NA, Inc. ("Defendant") have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement" or "Settlement") (ECF No. 25-6); and

WHEREAS, on December 15, 2022, the Court granted Plaintiff's Motion for Preliminary Approval of Class Action Settlement, conditionally certifying a Class pursuant to Fed. R. Civ. P. 23(b)(3) of "[a]ll Persons with a Michigan street address

who subscribed to The Economist Publication to be delivered to a Michigan street address or electronically between February 4, 2015, and July 30, 2016." ECF No. 28 ¶ 9; and

WHEREAS the Court has considered the Parties' Class Action Settlement Agreement (ECF No. 25-6), as well as Plaintiff's Unopposed Motion for Final Approval of the Settlement Agreement (ECF No. 31), Plaintiff's Unopposed Motion for Attorneys' Fees, Costs, Expenses, And Service Award (ECF No. 30), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on March 15, 2023, and the record in the Action, and good cause appearing;

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.    Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2.    This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

3.    The notice provided to the Settlement Class pursuant to the Settlement Agreement (ECF No. 25-6) and the order granting Preliminary Approval (ECF No. 28) – including (i) direct notice to the Settlement Class via U.S. mail or e-mail, based on the comprehensive Settlement Class List provided by Defendant, and (ii) the creation of the Settlement Website – fully complied with the requirements of Fed.

R. Civ. P. 23 and due process, was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

4.      The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  The Court has reviewed the substance of Defendant's notice and finds that it complied with all applicable requirements of CAFA.  Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.

5.      This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties.  The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits.  The complex legal and factual posture

of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

6.     The Court has specifically considered the factors relevant to class action settlement approval, including:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

7.     The Court has also considered the factors relevant to class action settlement approval enumerated in Federal Rule of Civil Procedure 23(e).

8.     The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

9.     Accordingly, the Settlement is hereby finally approved in all respects.

10.     The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order

of this Court.

11.    This Court hereby dismisses the Action, as identified in the Settlement Agreement, on the merits and with prejudice.

12.    Upon the Effective Date of this Final Judgment, Plaintiff and each and every Settlement Class Member who did not opt out of the Settlement Class, including such individuals' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations shall be deemed to have released The Economist Newspaper NA, Inc., as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, agents, consultants, independent contractors, including without limitation employees of the foregoing, owners, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and

corporations, including The Economist Newspaper NA, Inc. from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined in the Settlement Agreement), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on the PPPA or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' personal information or Michigan Subscriber Information, including but not limited to all claims that were brought or could have been brought in the Action relating to any and all Releasing Parties.

13.    Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties.  All Settlement Class Members are hereby permanently barred

and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

14.     All payments made to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within one-hundred and eighty (180) days of issuance shall be redistributed on a *pro rata* basis (after first deducting any necessary settlement administration expenses from such uncashed check funds) to all Settlement Class Members who cashed checks during the initial distribution, but only to the extent each Settlement Class Member would receive at least $5.00 in any such secondary distribution and if otherwise feasible.  To the extent each Settlement Class Member would receive less than $5.00 in any such secondary distribution or if a secondary distribution would be otherwise infeasible, any uncashed check funds shall revert to the Michigan Bar Foundation's Access to Justice Fund, which the Court approves as an appropriate *cy pres* recipient.  Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

15.     The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

16.     Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

17.     This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 54(b) and 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 16, 2023

Approved as to Form:

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com

Joseph I. Marchese (P85862)
Philip L. Fraietta (P85228)
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
David W. Hall
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
fhedin@hedinhall.com
dhall@hedinhall.com

*Counsel for Plaintiff and the Class*

*/s/ Sharon L. Schneier w/consent*
Sharon L. Schneier
Nimra H. Azmi
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas, 21st Fl
New York, NY 10020-1104
(212) 489-8230
sharonschneier@dwt.com
nimraazmi@dwt.com

J. Michael Huget (P39150)
Robert M. Riley (P72290)
Jad Sheikali (IL Bar 6324641)
**HONIGMAN LLP**
315 E Eisenhower Parkway, Ste 100
Ann Arbor, MI 48108
(734) 418-4254

*Counsel for Defendant*